UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HAYLEY AMIEL, on behalf of herself and all other similarly situated,

                Plaintiff,

- against -

EVO BRANDS, LLC and PVG2, LLC,

                Defendants.

**ORDER**

24-CV-07327 (PMH)

PHILIP M. HALPERN, United States District Judge:

    On April 7, 2025, Plaintiff filed a Proposed Order to Show Cause Without Emergency Relief why the Court should not enter a default judgment against Defendants ("Proposed OTSC"). (Doc. 19). The Court declines to sign the Proposed OTSC. Under Local Rule 55.2(c), a party seeking a default judgment "must file a statement of damages, sworn or affirmed to by one or more people with personal knowledge, in support of the request, showing the proposed damages and the basis for each element of damages, including interest, attorney's fees, and costs." Although Plaintiff filed various documents in support of the Proposed Order to Show Cause (Docs. 21-25), including an affidavit of Plaintiff (Doc. 22), a declaration of Plaintiff's counsel (Doc. 23), and a purported "Statement of Damages" (Doc. 24), these documents do not comply with the requirement to provide "a statement of damages, sworn or affirmed to by one or more people with *personal knowledge*, in support of the request." Accordingly, by **April 14, 2025**, Plaintiff shall supplement the previous filings to comply with Local Rule 55.2(c).

    The accompanying memorandum of law demonstrates that in connection with the requested default judgment, Plaintiff also seeks the certification of the putative class. Indeed, Plaintiff also separately filed, on April 7, 2025, a Notice of Motion for an Order, "[p]ursuant to Federal Rule of Civil Procedure 23, certifying the putative class, appointing Plaintiff as

1

representative of the Class and Richman Law & Policy as Class Counsel," and "[p]ursuant to Federal Rule of Civil Procedure 55(b), granting default judgment against Defendants EVO Brands, LLC and PVG2, LLC in favor of Plaintiff." (Doc. 20). Motions for default judgment are to be brought by order to show cause. (*See* Individual Rule 4.B). Plaintiff, it be advised, may revise the Proposed OTSC to reflect her request for the certification of a class as well as default judgment.

Plaintiff shall, by **April 14, 2025**, supplement the class certification motion with briefing on the propriety of certification of a nationwide class and/or sub class(es) contemporaneous with the entry of default judgment against Defendants, and shall also address issues attendant to class certification including but not limited to the appointment of a class administrator, class notice, distribution of damages to Class Members, injunctive relief, as well as pre-judgment interest and attorneys' fees, in the event a class is certified.

Upon appropriate supplementation of the motion papers, the Court will take Plaintiff's requests for class certification and the entry of default judgment by order to show cause under advisement as a single motion, and the filing of a separate Notice of Motion is therefore unnecessary. The Clerk of the Court is respectfully directed to terminate the motion pending at Doc. 20.

                                        **SO ORDERED.**

Dated: White Plains, New York
       April 8, 2025

_____
PHILIP M. HALPERN
United States District Judge