UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAYLEY AMIEL, on behalf of herself and all others similarly situated,<br><br>         Plaintiff,<br><br>  v.<br><br>EVO Brands, LLC d/b/a Puff Bar,<br>and PVG2, LLC, d/b/a Puff Bar,<br><br>         Defendants. | Case No. 7:24-cv-07327<br><br>Hon. Philip M. Halpern |

**<u>DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S DAMAGES CLAIMS AND IN SUPPORT OF LIMITING ANY REWARD</u>**

## **INTRODUCTION**

Defendants EVO Brands, LLC and PVG2, LLC ("Defendants"), by and through undersigned counsel, submit this Memorandum of Law in connection with the Court's inquest on damages. Although the Court has entered default as to liability on limited claims, Plaintiff still bears the burden of proving damages with specificity, reasonable certainty, and a demonstrable causal nexus to Defendants' alleged conduct. Plaintiff's damages theories are fundamentally flawed—they rely on speculative estimates, unsubstantiated assumptions, and unsupported categories of recovery that are disconnected from documentary evidence, authenticated product origin, or verifiable purchase records. New York law does not permit damages awards based on conjecture, lump-sum estimates, or generalized assertions of harm.

Defendants further emphasize that they remain open to resolving this matter in a cost-effective and pragmatic manner. Defendants believe that continued litigation and a contested inquest will impose unnecessary burdens on the parties and the Court and therefore remain willing to confer in good faith regarding settlement.

## **LEGAL STANDARD GOVERNING DAMAGES**

Under New York law, a plaintiff bears the burden of proving damages with reasonable certainty and may not recover for losses that are speculative or unsupported by competent evidence. Defendants are entitled to challenge not only the existence of damages, but also the calculation, categorization, causation, and methodology underlying any claimed amounts. Courts routinely reject vague, conclusory, or generalized damages theories that lack verifiable specificity or a rational connection to the alleged misconduct.

As courts have consistently recognized, damages must be proven with precision and cannot rest on speculation or unsupported generalities. For example, "damages may not be based on speculation or conjecture and must be proven with reasonable certainty." See *Castor Petroleum, Ltd. v. Petroterminal de Panama, S.A.*, 150 A.D.3d 469, 470 (1st Dep't 2017) (rejecting damages theories unsupported by concrete proof and incapable of precise measurement). Likewise, "a plaintiff must establish a rational basis for calculating damages and demonstrate that the alleged loss flows directly from the conduct at issue." See *84 Lumber Co., L.P. v. Barringer*, 102 A.D.3d 675, 676 (2d Dep't 2013) (holding that damages lacking a logical nexus to proven wrongdoing and supported only by assumptions are not recoverable). Similarly, "conclusory allegations of loss, unsupported by specific proof, are insufficient to sustain an award of damages." See *Kloter v. Carabetta Enters., Inc.*, 165 A.D.3d 1045, 1046 (2d Dep't 2018) (requiring plaintiffs to plead and prove itemized, verifiable damages rather than vague or lump-sum assertions). Taken together, these authorities confirm that Plaintiff cannot satisfy her burden through generalized estimates of purchases or overly broad price ranges; rather, Plaintiff must present specific, concrete proof demonstrating how each category of damages was calculated and how those damages are directly and causally connected to Defendants' alleged conduct.

### I. Plaintiff Fails to Plead or Prove Damages With Required Specificity

Plaintiff offers no receipts, transactional records, authenticated product serial numbers, or reliable documentation verifying either the quantity or price of the products she alleges to have purchased. Instead, Plaintiff relies on self-estimated figures spanning multiple years and locations, none of which can be traced to Defendant' activities  nor can these purchases even be traced to the actions of the authorized distribution network that had been in place prior to the Defendants' purchase of the brand asset "Puff". This failure to particularize or substantiate damages is precisely the type of conclusory pleading rejected by New York courts. See *Kloter v. Carabetta Enters., Inc.*,

165 A.D.3d 1045, 1046 (2d Dep't 2018) (holding that conclusory allegations of loss, unsupported by specific proof, are insufficient to sustain an award of damages). The retailers allegedly used by Plaintiff were not authorized distributors and Defendants has not even verified that the products originated from Defendants' supply chain. Accordingly, Plaintiff cannot establish that any economic loss is attributable to Defendants rather than third-party gray-market or counterfeit sources. The law does not permit recovery based on conjecture or inflated estimates. Where damages are unsupported, undefined, or speculative, they must be rejected in their entirety.

**II. Lack of Causation and Reasonable Certainty**

     Damages are recoverable only where a plaintiff demonstrates that they directly resulted from a defendant's alleged misconduct. Here, Plaintiff has not established that any purported misrepresentation caused her to purchase the products in question, nor that such purchases resulted in an ascertainable loss tied to Defendants' conduct. Plaintiff's damages theory rests entirely on assumption rather than proof.

     New York courts have made clear that such speculative damages are not recoverable. See *Castor Petroleum, Ltd. v. Petroterminal de Panama, S.A.*, 150 A.D.3d 469, 470 (1st Dep't 2017) ("[D]amages may not be based on speculation or conjecture and must be proven with reasonable certainty."). Likewise, damages must flow directly from the alleged conduct and be supported by a rational evidentiary basis. See *84 Lumber Co., L.P. v. Barringer*, 102 A.D.3d 675, 676 (2d Dep't 2013) (holding that damages lacking a logical nexus to proven wrongdoing and supported only by assumptions are not recoverable). Plaintiff's reliance on approximated purchase counts and price ranges—without proof of genuine product origin—breaks the required chain of causation and renders the claim legally deficient.

**III. Privity and Its Impact on Warranty Claims Under New York Law**

The Court's November 4, 2025, Opinion & Order (ECF No. 61) correctly notes that under New York law, privity is required for implied warranty claims where a plaintiff seeks recovery for purely economic loss. Plaintiff did not purchase directly from Defendants and therefore lacks the privity necessary to support a warranty claim under New York law. This absence of privity reinforces that Plaintiff operates under a legally narrowed recovery framework and that any damages awarded under New York law must be scrutinized with heightened rigor. It also underscores that Plaintiff's damages theories improperly conflate statutory and warranty frameworks without legal foundation.

**Iv. Improper Expansion of Statutory Damages Under GBL §§ 349 and 350**

Plaintiff seeks to multiply statutory damages based on alleged purchase frequency without providing individualized proof that each transaction resulted in deception or injury. This mechanical multiplication is inconsistent with the remedial purpose of the statutes and risks transforming statutory damages into punitive assessments untethered to actual harm. Courts retain discretion to limit statutory damage awards where the underlying evidence does not justify expansive multipliers or where the damages sought are disproportionate to the actual injury.

**V. Limitations on Damages Under the New Jersey Consumer Fraud Act (N.J. Stat. Ann. § 56:8-2 et seq.)**

To recover under the New Jersey Consumer Fraud Act ("NJCFA"), a plaintiff must prove three elements: (1) unlawful conduct by the defendant; (2) an ascertainable loss; and (3) a causal relationship between the unlawful conduct and the ascertainable loss. Crucially, the NJCFA does not allow recovery where the plaintiff's alleged loss is speculative, hypothetical, or unsupported by competent evidence.

An "ascertainable loss" must be quantifiable, measurable, and supported by proof—not generalized dissatisfaction or approximated expenditures. New Jersey courts routinely reject NJCFA claims where the plaintiff cannot demonstrate a concrete economic injury with precision or where the asserted damages rely on estimates untethered to verifiable transactional evidence. Here, Plaintiff has failed to establish any cognizable ascertainable loss under the NJCFA. Plaintiff offers no receipts, transactional records, or authenticated proof of purchase for the alleged New Jersey transactions. Therefore, Plaintiff's reliance on self-reported estimates of price and purchase frequency fails to satisfy NJCFA's strict requirement that loss be objectively measurable and demonstrably caused by Defendants' conduct.

Moreover, to the extent Plaintiff seeks any type of "multiplied" damages, such relief is not automatic where the underlying loss is speculative or unsupported. Courts have discretion to deny factored multiplication when the foundational element of ascertainable loss has not been established or where the claimed damages lack a reliable evidentiary basis. Additionally, the same causation deficiencies that plague Plaintiff's New York claims are equally fatal to Plaintiff's NJCFA theory. Defendants only sold direct to consumers and for the most part sold product which did not contain nicotine; moreover, the retailers identified by Plaintiff in her complaint were not authorized distributors of the Defendants. Consequently, Defendants cannot verify the authenticity or provenance of the products Plaintiff allegedly purchased. Consequently, Plaintiff cannot establish that any NJ purchases—assuming they occurred—were the result of Defendants' alleged unlawful conduct rather than third-party gray-market or counterfeit activity.

Accordingly, Plaintiff's NJCFA damages theory fails as a matter of law and any award under New Jersey law should be denied or strictly limited to demonstrable, authenticated, and causally-linked economic loss, if any.

**V. Proportionality and Equitable Considerations**

Plaintiff's requested damages and fees are grossly disproportionate to her unverified individual purchases and unsupported transaction history. The imposition of excessive damages under these circumstances would violate principles of fairness and equity. Defendants have previously ceased selling nicotine containing products in both the States of New York and New Jersey for several years now and have ceased selling even their zero nicotine products in certain state and have also set forth their limited financial capacity and ongoing business distress, all of which weighs in favor of a measured damages determination consistent with the interests of justice.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court significantly limit or deny Plaintiff's damages claims due to lack of specificity, causation, reasonable certainty, and legal entitlement. Any damages awarded should be strictly confined to demonstrable, verified losses consistent with New York and New Jersey law and supported by competent evidence.

DATED: November 25, 2025                             Respectfully submitted,

                                                     **ZANICORN LEGAL PLLC**

                                                     *Mary Bielaska*
                                                     _____
                                                     Mary G. Bielaska
                                                     845 Third Avenue, 6th Floor
                                                     New York, NY 10022
                                                     (858) 761-2197
                                                     mary.bielaska@zanicorn.com

                                                     *Attorney for Defendants EVO*
                                                     *Brands, LLC and PVG2, LLC*

## **CERTIFICATE OF SERVICE**

On November 25, 2025, I sent a copy of the foregoing document and related attachments to counsel for Plaintiff via ECF.

*/s/ Mary G. Bielaska*
Mary G. Bielaska