UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAYLEY AMIEL, on behalf of herself and all others similarly situated,<br><br>       Plaintiff,<br><br>  v.<br><br>EVO Brands, LLC d/b/a Puff Bar, and PVG2, LLC, d/b/a Puff Bar,<br><br>       Defendants. | Case No. 7:24-cv-07327<br><br>Hon. Philip M. Halpern |

**PLAINTIFF'S MEMORANDUM REGARDING INQUEST ON DAMAGES**

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1
BASIS FOR DAMAGES .......................................................................................................1
    I.      Violations of N.Y. G.B.L. §§ 349, 350. ............................................................1
    II.     Violations of N.J. Stat. Ann. § 56:8-2 *et seq.* ..................................................2
    III.    Breaching the Implied Warranty of Merchantability under New Jersey Law. ..................3
    IV.    Attorneys' Fees. ................................................................................................3
CONCLUSION ......................................................................................................................4

# **TABLE OF AUTHORITIES**

**Cases**
*Montera v. Premier Nutrition Corp.*, 111 F.4th 1018 (9th Cir. 2024) ............................................1

**Statutes**
N.J. Stat. Ann. § 12A:2-714 ........................................................................................................3
N.J. Stat. Ann. § 56:8-19 .............................................................................................................3
N.J. Stat. Ann. § 56:8-2 ............................................................................................................1, 2
N.Y. Gen. Bus. Law § 349 .......................................................................................................1, 2
N.Y. Gen. Bus. Law § 349(h)................................................................................................1, 2, 3
N.Y. Gen. Bus. Law § 350 .......................................................................................................1, 2
N.Y. Gen. Bus. Law § 350-e ................................................................................................1, 2, 3

**INTRODUCTION**

On November 4, 2025, the Court partially granted Plaintiff Hayley Amiel's ("Plaintiff") Motion for Default Judgment against Defendants EVO Brands, LLC and PVG2, LLC ("Defendants" or "Puff Bar"). (ECF No. 61.) On November 7, 2025, the Court entered an order ruling that Defendants are liable to Plaintiff, individually, for 1) Violating N.Y. Gen. Bus. Law §§ 349, 350; 2) Violating N.J. Stat. Ann. § 56:8-2 *et seq.* and 3) Breaching the Implied Warranty of Merchantability as to Plaintiff's purchases of Defendants' Products in New Jersey. (ECF No. 63.) An inquest on damages has been set for February 2, 2026. The following memorandum and attachments document our basis for damages and attorneys' fees and costs, which totals $359,079.43.

**BASIS FOR DAMAGES**

In her Motion for Default Judgment, Plaintiff calculated damages under a class action model. (*See, e.g.* ECF No. 37.) The Court, however, denied Plaintiff's request for class certification and only found Defendants liable to Plaintiff on a limited set of claims. (*See* ECF No. 61.) Below is a damages analysis that comports with the Court's order on liability.

I.    **Violations of N.Y. G.B.L. §§ 349, 350.**

"[S]tatutory damages under [N.Y. Gen. Bus. Law] §§ 349 and 350 should be calculated on a per-violation basis." *Montera v. Premier Nutrition Corp.*, 111 F.4th 1018, 1041 (9th Cir. 2024). A court can award the greater of actual damages or statutory damages of $50 under N.Y. Gen. Bus. Law § 349(h) and the greater of actual damages or statutory damages of $500 under N.Y. Gen. Bus. Law § 350-e. A violation is each unit purchased by the Plaintiff. *Montera*, at 1041.

Plaintiff requests at least $50 in damages for each violation under N.Y. Gen. Bus. Law § 349(h). Plaintiff also requests at least $500 in damages for each violation under N.Y. Gen. Bus. Law § 350-e.

1

Here, Plaintiff testifies that she purchased at least 176 Puff Bar products in New York between 2019 and 2023.[1] (Affidavit of Hayley Amiel ("Amiel Affidavit") at **Exhibit 1**.) This means, Defendants violated N.Y. Gen. Bus. Law § 349 at least 176 times and N.Y. Gen. Bus. Law § 350 at least 176 times. (*Id*.)[2] This calculation is likely an *underestimate* as Plaintiff also purchased the Products with cash, for which she does not have receipts. (Amiel Affidavit at ¶¶ 11, 12, 20.)

Each unit that Plaintiff purchased was less than $50. Transactions that exceed $50 were for multiple units.

Under N.Y. Gen. Bus. Law § 349(h), Plaintiff requests at least $50 in damages for the purchase of each Product, totaling $8,800 (176 units x $50 per violation).

Under N.Y. Gen. Bus. Law § 350-e, Plaintiff also requests at least $500 in damages for the purchase of each product, which totals $88,000 (176 units x $500 per violation).

Combined, Plaintiff requests at least $96,800 in damages under N.Y. Gen. Bus. Law §§ 349 and 350.

Although Plaintiff does not have itemized receipts, she testifies to the dates of her purchase and provides her debit and credit card statements as additional verification. (Amiel Affidavit at ¶¶ 13-19 and Exhibits 1-2.).

II. **Violations of N.J. Stat. Ann. § 56:8-2** *et seq.*

New Jersey's consumer protection statute, states the following:

---

[1] Defendants have argued that they did not have a direct sales relationship with at least one of the retailers at which Plaintiff purchased the Puff Bar products. (Joint Affidavit of Patrick Beltran and Nick Minas Alfaro, ECF No. 70, at ¶ 5). However, Plaintiff testifies that she was able to purchase the Products at this retailer, which appeared authentic to her, and contained the verification icon used to authenticate Puff Bar products. (Amiel Affidavit at ¶ 13).

[2] In the Complaint, the Plaintiff alleges that she purchased Defendants' Products between October 2019 and January 2021and between April 2022 and August 2023. (Complaint ¶ 39, ECF No. 1.) This is because Plaintiff attempted to stop vaping during 2021 and early 2022. However, after reviewing her debit and credit card statements, Plaintiff submits receipts for Puff Bar purchases between February 2021 - March 2022.

2

> Any person who suffers any ascertainable loss of moneys [] as a result of the use or employment by another person of any method, act, or practice declared unlawful under this act or the act hereby amended and supplemented may bring an action or assert a counterclaim therefor in any court of competent jurisdiction. In any action under this section the court shall, in addition to any other appropriate legal or equitable relief, award threefold the damages sustained by any person in interest. In all actions under this section, including those brought by the Attorney General, the court shall also award reasonable attorney's' fees, filing fees and reasonable costs of suit.

N.J. Stat. Ann. § 56:8-19. Here, Plaintiff does not have receipts but testifies that she purchased the Puff Bar Plus Products in New Jersey two times during the summer of 2020. (Amiel Affidavit at ¶ 23.) Plaintiff paid approximately $22 for each Puff Bar Plus disposable vape. (*Id*..) Her total damages for these purchases are $44 ($22 x 2). Pursuant to the statute, we are seeking threefold the damages, or $132 ($44 x 3).

### III. Breaching the Implied Warranty of Merchantability under New Jersey Law.

In New Jersey, "the measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount." N.J. Stat. Ann. § 12A:2-714.

Here, Plaintiff testifies that she purchased the Puff Bar Plus Products in New Jersey approximately 2 times during the summer of 2020. (Amiel Affidavit at ¶ 23.) Plaintiff paid approximately $22 for each Puff Bar Plus disposable vape. (*Id*.) We seek the total cost of the product: $44 ($22 x 2), given that the Plaintiff would not have purchased the product if she knew the dangers that the products conceal. (Complaint, ECF No. 1, ¶¶ 41 - 45.)

### IV. Attorneys' Fees.

Plaintiff also seeks attorneys' fees pursuant to N.Y. Gen. Bus. Law §§ 349(h) 350-e, N.J. Stat. Ann. § 56:8-19 and in connection to her Breach of Implied Warranty of Merchantability

claim. (*See* Complaint (ECF No. 1) at Prayer for Relief § G.) Attached as Exhibits A and B to the Declaration of Kim E. Richman is a true and correct copy of the costs and fees put into this matter, which total $ 262,103.43.

## CONCLUSION

In sum, Plaintiff respectfully requests a total of $96,976 in statutory damages and $262,103.43 in attorneys' fees and costs based on the calculations in this memorandum and the attached declarations and affidavits. Counsel for Plaintiff do not plan to call any witnesses during the hearing. Plaintiff Amiel, however, will be present at the hearing if the Court or Defendants have questions for her.

DATED: January 26, 2026                     Respectfully submitted,

 

 

_____
Kim E. Richman
**RICHMAN LAW & POLICY**
1 Bridge Street, Suite 83
Irvington, NY 10533
Telephone: (914) 693-2018
krichman@richmanlawpolicy.com

*Attorney for Plaintiff Amiel*

## CERTIFICATE OF SERVICE

On January 26, 2026, I sent a copy of the foregoing document and related attachments to counsel for Defendants via ECF and courtesy copies to the Court via courier.

> */s/ Kim E. Richman*
> Kim E. Richman