IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAYLEY AMIEL, on behalf of herself and all others similarly situated,<br><br>       Plaintiff,<br><br>   v.<br><br>EVO Brands, LLC d/b/a Puff Bar, and PVG2, LLC, d/b/a Puff Bar,<br><br>       Defendants. | Case No. 7:24-cv-07327<br><br>Hon. Philip M. Halpern |

## DECLARATION OF KIM E. RICHMAN
## IN SUPPORT OF PLAINTIFF'S MEMORANDUM
## REGARDING INQUEST ON DAMAGES

Kim E. Richman, pursuant to 28 U.S.C. §1746 and Fed. R. Civ. Pro. 11, declares as follows:

1. I am the founding member of Richman Law & Policy, counsel for Plaintiff Hayley Amiel ("Plaintiff") and the putative class (the "Class") in the above-captioned action. I have personal knowledge of the facts set forth in this Declaration and would testify as to them in a Court of law if required to do so. The basis for my knowledge is a review of the documents in my file, conversations with my client, and my participation in this case to date. I respectfully submit this Declaration in support of Plaintiff's Memorandum Regarding Inquest on Damages per the order on default judgment against EVO Brands, LLC and PVG2, LLC (collectively, "Defendants" or "Puff Bar").

2. Defendants have been found liable for violations of New York General Business Law § 349 (Count I); violations of the New York General Business Law § 350 (Count II); violations of N.J. Stat. Ann. § 56:8-2 et seq. (Count III); and breach of implied warranty of merchantability as to any purchases of the Puff Bar product in New Jersey (Count IV).

1

3. Other than damages per the violations listed in ¶ 2, Plaintiff also seeks attorneys' fees.

4. I reviewed my firm's timekeeping for time entries that might be or appear duplicative or excessive.

5. My firm charges standard billing rates for services by timekeeper over the course of this action. The time submitted here reflects my time, as well as the time of other attorneys, paralegals, and litigation support personnel employed by my firm. The records reflect who performed the work, the tasks performed, the time spent and the applicable hourly rate. All of the time and charges which have been expended on behalf of Plaintiff are fair, necessary and reasonable.

6. The total amount of attorneys' fees for this matter is $260,890.

7. Attached to this Declaration as **Exhibit A** is a true and correct copy of the billing records of Richman Law and Policy for this matter.

8. The total costs and expenses for this matter is $1,213.43.

9. Attached to this Declaration as **Exhibit B** is a true and correct copy of the cost and expenses of Richman Law and Policy for this matter.

10. To the best of my knowledge, the entries in **Exhibits A and B** are true and accurate and are reasonable for the successful prosecution of this case. I respectfully request that the Court award attorney's fees and costs as detailed in the billing records. My firm can also submit more detailed records for in camera review.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: January 26, 2026  /s/ *Kim E. Richman*
Irvington, NY  Kim E. Richman
 **Richman Law & Policy**
 *Attorney for Plaintiff*

2